United States District Court
Southern District of Texas
**ENTERED**
August 31, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § VS. § § 2.333 ACRES OF LAND, more or less, in § STARR COUNTY, TEXAS; and SAN § JUANITA J. GARZA, as dependent § administrator of the estate of Martin Corona § Garza, § § Defendants. § | CIVIL ACTION NO. 7:20-cv-00268 |

## FINAL JUDGMENT

The Court hereby renders final judgment in this case in accordance with Federal Rules of Civil Procedure 54 and 58. Having considered the parties' "Joint Motion for Order Establishing Just Compensation, Granting Possession, and Distributing Funds on Deposit in the Registry of the Court for Tracts RGV-RGC-5061 and RGV-RGC-5061-1,"[1] and having determined that it warrants entry of this final judgment,[2] the Court **ORDERS**, **ADJUDGES**, and **DECREES** that:

The United States is granted two fee simple absolute interests, one over Tract RGV-RGC-5061, which is a 2.333-acre parcel of land, and one over Tract RGV-RGC-5061-1, which is a 0.739-acre parcel of land, both more particularly described in Schedules C and D of the United States' "Complaint in Condemnation,"[3] and both interests subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals; reserving to the Estate of Martin Corona Garza or its successors as ascertained by San Juanita J.

---

[1] Dkt. No. 33.
[2] Dkt. No. 34.
[3] Dkt. No. 1-1 at 5–20 (Schedules C and D).

Garza, as dependent administrator of the estate of Martin Corona Garza, or her successors, reasonable access to and from their lands lying between the Rio Grande River and the border barrier through openings or gates in the border barrier between the points as depicted in Schedule E of the "Complaint in Condemnation";[4] and excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation, and maintenance of the border barrier.

The United States is granted immediate possession of its real property interests obtained herein and all those who interfere with or whose use is inconsistent with the United States' interests in the subject properties are hereby **ORDERED** to surrender possession to the United States to the extent of the United States' interests granted by this final judgment.

The United States must use its interests granted by this final judgment for the public purposes for which the property is taken, to wit, to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

The total sum of twenty-seven thousand one hundred fifteen dollars ($27,115), together with any interest earned while on deposit in the registry of the Court,[5] constitutes just compensation under the Fifth Amendment to the United States Constitution for the taking of Tracts RGV-RGC-5061 and RGV-RGC-5061-1, and the sum fully satisfies any claims of whatever nature by any Defendant against the United States for this action and taking. Judgment is entered against Plaintiff United States of America for the amount of just compensation. All taxes, liens, encumbrances, and charges of whatever nature existing against the interests taken in the subject properties as of September 18, 2020,[6] shall be deducted from the compensation distributed by this final judgment.

---

[4] Dkt. No. 1-1 at 21–23 (Schedule E).
[5] *See* 40 U.S.C. § 3116. *But see* 40 U.S.C. § 3114(c)(1).
[6] *See* 40 U.S.C. § 3114(b); *United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking."); Dkt. No. 1-1 at 25 (estimating $27,115 to be just compensation); Dkt. No. 5 (deposit of $27,115 in the Court's registry).

The Court **ORDERS** the Clerk of the Court to immediately disburse the $27,115 and all interest on deposit in the Court's registry payable to the order of San Juanita J. Garza, Dependent Administrator of the Estate of Martin Corona Garza.

In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interests in property taken in this proceeding, Defendant San Juanita J. Garza, Dependent Administrator of the Estate of Martin Corona Garza shall refund into the registry of the Court the compensation distributed by this final judgment, or such part thereof as the Court may direct, together with interest thereon at the annual rate provided in 40 U.S.C. § 3116 from the date of receipt of compensation to the date of repayment into the registry of the Court.

This final judgment is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendant San Juanita J. Garza in her capacity as Dependent Administrator of the Estate of Martin Corona Garza. Each party to this proceeding is to bear its own costs and fees. Any relief not expressly granted in this final judgment is hereby **DENIED**. All deadlines and conferences in this case are **CANCELLED** and any pending motion, request, or other matter is **DENIED AS MOOT**. This is a final judgment for which execution may issue as allowed by law. This case is terminated and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 31st day of August 2021.

_____
Micaela Alvarez
United States District Judge

